# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                         CASE NO. 6:12-cr-78-JA-E_K-1

**BRANDON KYLE THOMAS**

---

## ORDER

On March 25, 2026, the Court denied the motion to amend conditions of supervised release (Doc. 86) filed by Defendant, Brandon Kyle Thomas. (*See* Order, Doc. 89). Defendant has now filed a *pro se* motion for reconsideration (Doc. 90) of that ruling.

In the motion to amend (Doc. 86)[1] Defendant sought to eliminate the random drug testing requirement so that he could use medical marijuana. On March 20, 2026, the Court set a hearing on that motion for five days later— March 25, 2026. (Doc. 87). To ensure Defendant's appearance, the Probation Office called Defendant and notified him of the hearing. Defendant appeared at the hearing. But Defendant now contends that he did not receive adequate notice and a meaningful opportunity to be heard because he only received

---

[1] This was Defendant's second time seeking to amend the conditions of his supervised release so he could use medical marijuana. (Doc. 82).

"informal notice" of the hearing from the Probation Officer. (Doc. 90 ¶ 4). The Court disagrees.

Assuming Federal Rule of Criminal Procedure 32.1(c) applies, Defendant had adequate notice and a meaningful opportunity to be heard. He was present at the hearing and so was his father. He had an opportunity to speak to the Court and argue for why the drug testing condition should be eliminated. The hearing lasted twenty minutes. At no time during the hearing did Defendant complain that he was inadequately prepared, nor did Defendant request that the Court reschedule the hearing for a later date. Neither at the hearing nor in the motion that is now at issue did Defendant specify what evidence or argument he would have presented if the hearing were scheduled for a later date. And the hearing was held as a result of Defendant's *pro se* motion to amend the conditions of his supervised release. Therefore, Defendant had adequate notice of the purpose of the hearing and a meaningful opportunity to be heard on the issue presented.

Accordingly, Defendant's motion for reconsideration (Doc. 90) is **DENIED**.

**DONE** and **ORDERED** on April 15, 2026.

JOHN ANTOON II
United States District Judge

2

Copies furnished to:
United States Attorney
Brandon Kyle Thomas